UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS NAGLE, | ) | CASE NO. 4:08cv2161 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on Defendant's Objections (Doc. 28) to the Magistrate Judge's Report and Recommendation ("Report") (Doc. 26). This action was referred to the Magistrate Judge for a Report on the final decision of the Commissioner of Social Security, dated November 22, 2005, denying Plaintiff's claim for Disability Insurance Benefits and Supplemental Security Income under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381 *et seq*. The Magistrate Judge recommended that Plaintiff's complaint be dismissed in all but one respect, and that the remaining issue be remanded to the Administrative Law Judge for further findings. Defendant timely objected to the Magistrate Judge's recommendation that any aspect of Plaintiff's Complaint be remanded. For the reasons set forth herein, the Magistrate Judge's Report is ADOPTED IN PART and REJECTED IN PART, and the decision of the Commissioner is AFFIRMED in its entirety.

I. **Standard of Review**

The district court may properly refer a matter to a Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b). When the Magistrate Judge submits a Report and Recommendation, this Court is required to conduct a de novo review of those portions of the Report to which an objection has been made. *Id*. Objections to the Magistrate Judge's Report

must be specific, not general, in order to focus the Court's attention upon contentious issues. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  The primary issue then becomes whether substantial evidence supported the ALJ's decision.  This court's review of the Commissioner's decision is limited to determining whether substantial evidence, viewing the record as a whole, supports the Commissioner's findings.  *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).  Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Furthermore, substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

If substantial evidence supports the Commissioner's decision, the decision must be affirmed even if a reviewing court would decide the matter differently.  *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).  Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion.  *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).  This "standard allows considerable latitude to administrative decision makers.  It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.  An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision."  *Id*. (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).  In determining whether substantial evidence supports the ALJ's findings, a court must examine the record as a whole and take into account that which fairly detracts from its weight.  *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).  A court must also consider whether the ALJ employed the proper legal standards.  *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

**II.     Objections**

The history of this matter is laid out in detail in the Magistrate Judge's Report, including a factual and procedural background, a summary of the ALJ's decision, a statement of the requirements a plaintiff must meet in order to qualify for social security benefits, and the legal standard for this Court's review of the Commissioner's decision.  The Court now adopts all of these sections of the Magistrate Judge's Report.

In his brief on the merits, Plaintiff has identified four errors that he believes were made by the ALJ in his opinion (Doc. 22).  The Magistrate Judge recommended that the first three be dismissed as having no merit.  No party has challenged those recommendations.  Having reviewed the record and the Magistrate Judge's analysis of these three claims, the Court finds the recommendations to be well-reasoned and ADOPTS each.

The fourth error identified by Plaintiff is that the ALJ improperly evaluated Plaintiff's subjective complaints of pain and discredited those claims.  The Magistrate Judge recommended that this issue be remanded to the ALJ for further findings because he found that the ALJ had mischaracterized Plaintiff's subjective complaints about, and some of the medical records regarding, Plaintiff's pain.

Preliminarily, the Magistrate Judge set forth the standard for assessing pain, which the Court adopts and restates herein for clarity:

> The social security regulations establish a two-step process for evaluating pain.  In order for pain or other subjective complaints to be considered disabling, there must be: (1) objective medical evidence of an underlying medical condition, and (2) objective medical evidence that confirms the severity of the alleged disabling pain, or objectively, the medical condition is of such severity that it can reasonably be expected to produce such disabling pain.  *Duncan v. Sec'y of Health and Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986).
>
> When a disability determination cannot be made on the basis of the objective medical evidence, an ALJ must analyze the plaintiff's credibility,

3

> considering his statements about pain or other symptoms with the rest of the relevant evidence in the record and factors outlined in 20 C.F.R. § 416.929 and Social Security Ruling 96-7p. Subjective complaints of pain can support a disability claim if objective medical evidence of an underlying condition exists in the record. *Wyatt v. Sec'y of Health and Human Servs*., 974 F.2d 680, 686 (6th Cir. 1992). Other relevant factors that the ALJ must consider include the claimant's daily activities; the location, duration, frequency, and intensity of the pain; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medication; and treatment or measures, other than medication, taken to relieve pain. 20 C.F.R. 416.929(c)(3)(i)-(vi); SSR 96-7p. However, an ALJ is not required to accept a plaintiff's own testimony regarding his pain. *Gooch v. Sec'y of Health and Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). Since the ALJ has the opportunity to observe the claimant in person, great deference is given to the ALJ's conclusion about the claimant's credibility. *McCoy o/b/o McCoy v. Comm'r of Soc. Sec.*, 81 F.3d 44, 47 (6th Cir. 1995). Nevertheless, substantial evidence must support an ALJ's assessment of a claimant's credibility. *Id.* If the ALJ rejects or discounts the claimant's complaints as not credible, he must clearly state his reasons for doing so. *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994).

Doc. 26 at 15-16.

According to the Magistrate Judge's Report, some confusion arose in the ALJ's opinion regarding Plaintiff's need to use a recliner and heating pad to control his pain. In Plaintiff's medical records, Dr. Kunkel, one of his treating physicians at a pain management center, noted that Plaintiff said his neck pain symptoms were improved when he sat in a recliner with a heating pad on his neck. The ALJ wrote in his opinion that Plaintiff represented on several occasions (as reflected in his medical records) that he felt better when he sat upright in a chair, but testified during his hearing that he found relief in sitting in his recliner rather than sitting in a chair. Further, the ALJ noted that Plaintiff had said he used a heating pad and played video games, but that the medical records did not indicate that he only did these things only from a recliner. Based on these apparent conflicts, the ALJ concluded that Plaintiff's subjective assessments of his pain and his representations about methods of pain relief were unreliable and unsupported by the evidence. The Magistrate Judge recommended that this issue be remanded for further factfinding, analysis and articulation by the ALJ.

4

The Commissioner has objected that the medical records only provide one instance of Plaintiff's stating that his pain was eased by sitting in a recliner, namely his representation to Dr. Kunkel. According to the Commissioner, in every other instance Plaintiff told his treating physicians that he found relief by sitting upright in a chair. The Court agrees with the Commissioner's assessment.

The Social Security standards require that an ALJ state with specificity why he is discounting a Plaintiff's subjective representations and assessments of pain. While the ALJ in this instance could have been clearer in stating his reasons, the record provides substantial evidence in support of his conclusions. First, Plaintiff's own treating physician, Dr. Fiorina, repeatedly expressed concern in the medical records regarding Plaintiff's credibility. He found that Plaintiff was engaged in "symptom magnification" and that he exhibited a tendency to under-represent his abilities in strength tests. (Tr. 155). Dr. Fiorina also indicated that he did not trust Plaintiff's ability to assess his own condition, to respond with healthy habits, and to take medication appropriately. (Tr. 100).

The record also indicates that Plaintiff's representations to his treating physicians were inconsistent. The pain he claimed to experience moved frequently between his left and right sides without any apparent trigger. He also fluctuated significantly in his evaluation of his condition, telling Dr. Kunkel that he had improved between 70 and 100% since beginning his treatment with the pain management clinic. Unfortunately, he vacillated back and forth between 70 and 100% repeatedly from visit to visit.

When objective medical evidence does not exist in the record, and an ALJ must accept a plaintiff's subjective representations regarding pain, the ALJ's credibility determinations are afforded great weight. *See Wyatt*, 974 F.2d at 686; *McCoy*, 81 F.3d at 47. In this instance, as set

5

forth above and in the Commissioner's Objections to the Magistrate Judge's Report, Plaintiff's credibility is clearly suspect given the assessments by his own treating physician, Dr. Fiorina. Moreover, the medical records themselves bear out the ALJ's finding that Plaintiff's claims were inconsistent, and his conclusion that Plaintiff is able to sit in a chair, not just in a recliner. While the Court may have wished for a slightly more detailed analysis by the ALJ, it finds that there is substantial evidence in the record to support the ALJ's conclusions, and therefore REJECTS this aspect of the Magistrate Judge's Report.

**III.  Conclusion**

For the reasons set forth herein, the Magistrate Judge's Report is ADOPTED in all respects other than the recommendation that the ALJ's analysis of Plaintiff's pain be remanded. The Magistrate Judge's recommendation of remand is REJECTED.  The Commissioner's decision is AFFIRMED in its entirety.

IT IS SO ORDERED.

DATED:  January 22, 2010      */s/ John R. Adams*_____
                              Judge John R. Adams
                              UNITED STATES DISTRICT COURT

6